DLD-078                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3950
_____

DERRICK LEON HILLS,
                                        Appellant,

v.

WARDEN LORETTO FCI; ATTORNEY GENERAL
UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 3-14-cv-00153)
District Judge: Honorable Kim R. Gibson
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 8, 2015

Before:  FISHER, SHWARTZ and SLOVITER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 12, 2015)
_____

OPINION*
_____

PER CURIAM

Appellant Derrick Hills appeals from an order of the District Court dismissing his habeas corpus petition, 28 U.S.C. § 2241, without prejudice. For the reasons that follow, we will summarily affirm.

In March, 2007, the United States Trustee filed an adversary proceeding in the United States Bankruptcy Court for the Eastern District of Michigan, alleging that Hills had violated numerous provisions of the federal bankruptcy code, and that he had engaged in the unlicensed practice of law by holding himself out to be a bankruptcy petition preparer. There apparently were other similar adversary proceedings that the Trustee had filed against Hills in other debtors' bankruptcy cases. Hills disregarded various injunctions and violated orders imposed by the bankruptcy court, and, based on that conduct, in April, 2009, the bankruptcy judge requested that the United States District Court for the Eastern District of Michigan punish Hills' contempt under 18 U.S.C. § 401(3). In May, 2009, a U.S. District Judge in the Eastern District of Michigan issued Hills an order to show cause why he should not be held in criminal contempt pursuant to 18 U.S.C. §401(3), and then calendared the matter for trial, see In re: Hills, D.C. Crim. No. 12-cr-12254. The matter was tried before a jury in September, 2013, and he was convicted of five counts of criminal contempt. Hills was released in advance of sentencing, and, when he failed to appear for his sentencing hearing in February, 2014, the District Court revoked his bond and issued a warrant for his arrest. Hills eventually was arrested and sentenced on March 10, 2014 to a term of imprisonment of 46 months.

Hills timely appealed to the Sixth Circuit Court of Appeals, see C.A. No. 14-1361, an appeal which remains pending. He moved for bail pending appeal, and, in an order

filed on June 13, 2014, the Sixth Circuit denied his motion, concluding, in pertinent part, that there was no merit to his claim that he was not properly advised of the charges against him because he was served with an order to show cause as provided by Fed. R. Crim. P. 42(a)(1) and with a statement of the particulars against him, and that his claim that a six-month sentence is the maximum punishment for criminal contempt had no basis in the law. The Sixth Circuit also concluded that Hills failed to show that he was not a flight risk.

At issue in this appeal, Hills, an inmate at the Federal Correctional Institution in Loretto, Pennsylvania, filed a petition for writ of writ of habeas corpus, 28 U.S.C. § 2241, in the United States District Court for the Western District of Pennsylvania, seeking release "with or without bond," (Petition, at ¶ 9), in which he claimed that the maximum punishment for his crimes is six months, that the Government did not prove its case beyond a reasonable doubt, and that criminal Rule 42(a) was violated because he was convicted without an arraignment, among other claims. Hills contended that the federal district judge in Michigan was biased against him, and he stated that he had filed a judicial misconduct complaint against the judge. The Magistrate Judge issued a Report and Recommendation, recommending that Hills' section 2241 petition be dismissed without prejudice due to his pending appeal in the Sixth Circuit. The Magistrate Judge also recommended that bail be denied. Hills filed Objections. In an order entered on August 21, 2014, the District Court approved and adopted the Magistrate Judge's report, found Hills' objections meritless, and denied the § 2241 petition. Hills filed a timely motion for reconsideration, which the District Court denied in an order entered on September 23, 2014.

Hills appeals. We have jurisdiction under 28 U.S.C. § 1291. See Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009) (certificate of appealability not required to appeal from denial of § 2241 petition). Our Clerk advised Hills that the appeal was subject to summary action under Third Cir. LAR 27.4 and I.O.P. 10.6. He was invited to submit argument in writing, and he has done so. He also has filed a number of motions on appeal, including a motion for bail. The Government has also filed a response.

We will summarily affirm the order of the District Court because no substantial question is presented by this appeal, Third Circuit LAR 27.4 and I.O.P. 10.6. A petition filed pursuant to 28 U.S.C. §2241 is used to challenge some aspect of the *execution* of a federal inmate's sentence. See Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001) ("Section 2241 is the … statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence."). Hills' petition attacked only the *validity* of his conviction and sentence. Moreover, he has not yet even completed his direct appeal to the Sixth Circuit Court of Appeals. After his appeal is complete, if he is not satisfied, he may collaterally challenge his conviction and sentence in the sentencing court pursuant to 28 U.S.C. § 2255. See In re: Olopade, 325 F.3d 166, 168 (3d Cir. 2003) ("Once the defendant has completed a direct appeal, [he] may file one collateral challenge as a matter of course provided it is timely."). A motion filed under § 2255 in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of his conviction or sentence after he has completed his direct appeal. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002).[1] In certain limited circumstances, a prisoner can seek relief under § 2241 in the district of

___

[1] Apparently, Hills has several § 2255 motions pending in the Eastern District of Michigan.

4

confinement if the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention, see In re: Dorsainvil, 119 F.3d 245, 249-51 (3d Cir. 1997), but this "safety valve" applies only where a prisoner has had no prior opportunity to challenge his conviction for actions deemed to be non-criminal by an intervening change in law. Okereke, 307 F.3d at 120 (citing Dorsainvil, 119 F.3d at 251). Hills' § 2241 petition does not make this "safety valve" argument, and his allegations of judicial bias may be pursued on appeal to the Sixth Circuit.

The foregoing considerations are dispositive, not only of Hills' petition, but also of his request for release pending appeal. Because the United States District Court for the Western District of Pennsylvania lacked jurisdiction to grant Hills relief under 28 U.S.C. §2241, his request for bail under Rule 23 of the Federal Rules of Appellate Procedure must be denied. Landano v. Rafferty, 970 F.2d 1230, 1239 (3d Cir. 1992) (bail pending disposition of habeas corpus review is available "only when the petitioner has raised substantial constitutional claims upon which he has a high probability of success [. . .] or [has shown that] exceptional circumstances exist which make a grant of bail necessary to make the habeas remedy effective."). In addition, as explained by the Magistrate Judge, there is a recognized procedure for release pending a decision on direct appeal, see 18 U.S.C. § 3143(b), but the Bail Reform Act requires that any such motion be filed in the Eastern District of Michigan or in the Sixth Circuit Court of Appeals.

For the foregoing reasons, we will summarily affirm the orders of the District Court denying the § 2241 petition without prejudice and denying Hills' motion for reconsideration. Hills' two motions for bail pending appeal, and his motions to expedite and to compel production of an indictment, all are denied.