**AMENDED DLD-175**                                **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3420
_____

DERRICK LEON HILLS,
                                        Appellant

v.

WARDEN LORETTO FCI
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 3-15-cv-00241)
District Judge: Kim R. Gibson
_____

Submitted for Possible Dismissal under 28 U.S.C. § 1915(e)(2)
or Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
March 10, 2016

Before:  CHAGARES, GREENAWAY, JR. and SLOVITER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 4, 2016)
_____

OPINION[*]
_____

PER CURIAM

    Appellant Derrick Hills appeals from an order of the District Court dismissing his

petition for writ of habeas corpus, 28 U.S.C. § 2241.  For the reasons that follow, we will

summarily affirm.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

1

In May of 2009, a United States District Judge sitting in the Eastern District of Michigan issued an order to show cause why Hills should not be held in criminal contempt pursuant to 18 U.S.C. § 401(3).[1] The matter was tried before a jury in September of 2013, and Hills was convicted of five counts of criminal contempt. Hills was released in advance of sentencing, but, when he failed to appear for his sentencing hearing, the District Judge revoked his bond and issued a warrant for his arrest. Hills eventually was arrested and sentenced on March 10, 2014 to a term of imprisonment of 46 months, a term he is now serving in the Federal Correctional Institution in Loretto, Pennsylvania. Hills timely appealed to the United States Court of Appeals for the Sixth Circuit.

While his appeal was pending, Hills filed a petition for writ of habeas corpus, 28 U.S.C. § 2241, in the United States District Court for the Western District of Pennsylvania, raising numerous challenges to the validity of his conviction and sentence, including that the federal court in the Eastern District of Michigan lacked subject-matter jurisdiction to convict him in the absence of an indictment or complaint, and that his 46-month sentence was improper. In an order entered on August 21, 2014, the District Court denied the § 2241 petition, and we affirmed, see Hills v. Warden Loretto FCI, 597 F. App'x 669 (3d Cir. 2015) (motion filed under § 2255 in sentencing court is presumptive means for federal prisoner to challenge validity of his conviction or sentence after he has completed his direct appeal).

---

[1] Rule 42(a) provides that "[a]ny person who commits criminal contempt may be punished for that contempt after prosecution on notice." Fed. R. Crim. P. 42(a). Notice must be given "in open court, in an order to show cause, or in an arrest order," and must: "(A) state the time and place of the trial; (B) allow the defendant a reasonable time to prepare a defense; and (C) state the essential facts constituting the charged criminal contempt and describe it as such." Fed. R. Crim. P. 42(a)(1)(A)-(C).

At issue in this appeal, on September 16, 2015, Hills filed another § 2241 petition in the Western District of Pennsylvania, again challenging the validity of his conviction and sentence. In an order entered on September 29, 2015, the District Court summarily dismissed the petition without prejudice to Hills' pending direct appeal.

Hills timely appeals. We have jurisdiction under 28 U.S.C. § 1291. See Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009) (certificate of appealability not required to appeal from denial of § 2241 petition). Meanwhile, the Sixth Circuit Court of Appeals affirmed Hills' criminal judgment on November 5, 2015, see United States v. Derrick Hills, C.A. No. 14-1361 (6th Cir. Nov. 5, 2015) (Order). The court's mandate issued on January 22, 2016.

Our Clerk granted Hills leave to appeal in forma pauperis and advised him that the appeal was subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B) or summary action under Third Cir. LAR 27.4 and I.O.P. 10.6. He was invited to submit argument in writing, and he has done so. He argues that his § 2241 petition should proceed because the pendency of his direct appeal is no longer an impediment to it; jurisdiction in the Eastern District of Michigan to prosecute him for contempt was lacking because of the absence of an indictment or criminal complaint; Richard Roble was not authorized to act as a prosecutor because he is not an Assistant U.S. Attorney;[2] and because any remedy available to him under 28 U.S.C. § 2255 is inadequate to test the legality of his detention. Hills also has filed a motion for bail pending appeal, which the Government has opposed.

---

[2] Roble was working as a Special Assistant United States Attorney during his involvement in the criminal contempt proceeding. Rule 42(a) requires that "the contempt be prosecuted by an attorney for the government, unless the interest of justice requires the appointment of another attorney. If the government declines the request, the court must appoint another attorney to prosecute the contempt." Fed. R. Crim. P. 42(a)(2).

We will summarily affirm the order of the District Court because no substantial question is presented by this appeal, Third Circuit LAR 27.4 and I.O.P. 10.6. A petition filed pursuant to 28 U.S.C. §2241 is used to challenge some aspect of the *execution* of a federal inmate's sentence. See Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001) ("Section 2241 is the … statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence."). Hills is not challenging the execution of his sentence; rather, he once again has resorted to § 2241 to attack the validity of his conviction and sentence. Because his direct appeal has now come to an end, Hills must bring his challenge to his contempt conviction and sentence through a motion pursuant to 28 U.S.C. § 2255 filed in the sentencing court. See In re: Olopade, 325 F.3d 166, 168 (3d Cir. 2003) ("Once the defendant has completed a direct appeal, [he] may file one collateral challenge as a matter of course provided it is timely."). A motion filed under § 2255 in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of his conviction or sentence after he has completed his direct appeal. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Hills' argument that the remedy available to him under § 2255 is inadequate is premature.

Because the United States District Court for the Western District of Pennsylvania lacked jurisdiction to grant Hills relief under 28 U.S.C. §2241, we will deny his request for bail under Rule 23 of the Federal Rules of Appellate Procedure. Landano v. Rafferty, 970 F.2d 1230, 1239 (3d Cir. 1992) (bail pending disposition of habeas corpus review is available "only when the petitioner has raised substantial constitutional claims upon which he has a high probability of success [. . .] or [has shown that] exceptional

4

circumstances exist which make a grant of bail necessary to make the habeas remedy effective.").  We do so without prejudice to his right to seek bail in the context of a properly filed § 2255 motion in the Eastern District of Michigan.

For the foregoing reasons, we will summarily affirm the order of the District Court denying the § 2241 petition.  Hills' motion for bail pending appeal is denied.  Hill's motion for leave to substitute his reply is denied.